# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

ANTOINE T. WINTERS, )
)
    Plaintiff, )
)
v. )    Case No. 3:12-CV-446
)
CITY OF SOUTH BEND, FORMER )
CITY OF SOUTH BEND POLICE )
CHIEF DARRYL BOYKINS, INTERIM )
CITY OF SOUTH BEND POLICE CHIEF )
CHUCK HURLEY, OFFICER GREGORY )
VIOLETTE, CPL ERIC RZESZKEWSKI, )
CPL. JASON KATOWICH, )
CPL. KENNETH RYAN, and )
SGT. JAMES WOLFF )
)
Jointly and Severally, )
)
    Defendants. )

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND JURY DEMAND WITH AFFIRMATIVE DEFENSES

Comes now the City of South Bend, and South Bend Police Officers Darryl Boykins, Chuck Hurley, Gregory Violette, Eric Rzeszkewski, Jason Katowich, Kenneth Ryan and James Wolff, by counsel, Jeffrey L. Sanford, and for their amended answer to Plaintiff's Complaint for Violation of Civil Rights and Jury Demand state as follows:

### I. INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution against the above-

named Defendants, jointly and severally, in their individual capacities and their official capacities. Jurisdiction is based upon 28 U.S.C. § 1367.

This law suit asserts claims for relief for violation of constitutional rights and for violation of Indiana law. It is alleged that on August 24, 2010, Plaintiff ANTOINE T. WINTERS, WAS A PERSON AT LIBERTY; THAT THE Defendants hereinabove, individually and in their official capacity, under the color of law and within the course and scope of their employment, by violating rules and regulations regarding the treatment of persons at liberty, particularly Plaintiff herein, assaulted and battered ANTOINE T. WINTERS, by using unnecessary force. Such excessive use of force that amounted to punishment by which ANTOINE T. WINTERS, received physical and emotional injuries – trauma as a result of the acts and/or omissions of the Defendants. In addition thereto Defendants were deliberately indifferent to Plaintiff ANTOINE T. WINTERS' serious medical condition as a result of the use of unnecessary force by Defendants.

## II. COMMON ALLEGATIONS

1. That Plaintiff, ANTOINE T. WINTERS, is an adult, single, black male and is a citizen of the State of Michigan, residing within the City of Niles, County of Berrien and as a result of the wrongful acts complained of herein received personal injury on August 24, 2010 within the City of South Bend, St. Joseph County, State of Indiana.

**Answer: Defendants are without sufficient information to admit or deny the allegations in paragraph 1 that Plaintiff is a "single black male and is a citizen of the State of Michigan, City of Niles, County of Berrien" or that Plaintiff's injuries were sustained "within the City of South Bend, St. Joseph County, State of Indiana.**

**Defendants deny the allegation that "as a result of the wrongful acts complained of herein received personal injury on August 24, 2010".**

2. That Defendant, City of South Bend, is a unit of government organized and existing under the statutes of the State of Indiana, which maintains and controls the South Bend Police Department and as such is a citizen of the State of Indiana.

**Answer:** **Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint that "Defendant City of South Bend, is a unit of government organized and existing under the statutes of the State of Indiana, which maintains and controls the South Bend Police Department.**

**Defendants deny the allegation that "as such is a citizen of the State of Indiana".**

3. That Defendant, Former City of South Bend Chief of Police Darryl Boykins, at all times pertinent hereto, was the City of South Bend Chief of Police, individually and in his official capacity at the times complained of herein and is a citizen of the State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.**

4. That the City of South Bend is a municipality and designated as such in accordance with the Indiana Code and, as such, is subject to civil suit and may be held independently or vicariously liable for the wrongful conduct of its officers, employees, agents or ostensible agents.

**Answer:** **The Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.**

5. That Defendant former City Police Chief Darryl Boykins was at the time of the events complained of herein, the Chief of the South Bend, Indiana Police Department and in such capacity, was an officer, agent and employee of the City, said Defendant was responsible for

training, supervising and instructing department members and Defendants herein, in particular, in performance of their duties, as well as developing and implementing policy and procedure within the department.

**Answer:** **The Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.**

6. That Defendant Interim City Police Chief Chuck Hurley at all times pertinent hereto, is the current City of South Bend Chief of Police, Indiana Police Department, Individually and in his official capacity and is a citizen and resident of the County of St. Joseph, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.**

7. That Defendant, Corporal Eric Rzeszkewski, is a South Bend City Police Department Officer and and at all times pertinent hereto is a citizen and resident of the County of St. Joseph, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.**

8. That Defendant, corporal Kenneth Ryan is a white male and is a South Bend City Police Department Officer and at all times pertinent hereto is a citizen and resident of St. Joseph County, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.**

9. That Defendant, Corporal Jason Katowich is a South Bend City Police Department Officer and at all times pertinent hereto is a citizen and resident of St. Joseph County, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.**

10. That Defendant, Officer Gregory Violette is a South Bend City Police Department Officer and at all times pertinent hereto is a citizen and resident of St. Joseph County, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.**

11. That Defendant, Sgt. James Wolff is a white male and is a South Bend City Police Department Officer and at all times pertinent hereto is a citizen and resident of St. Joseph County, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.**

12. That the City of South Bend, Indiana organized, maintains and operates the City of South Bend Police Department.

**Answer:** **The Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.**

13. That Defendants, Rzeszkewski, Ryan, Violette, Katowich and Wolff, at all times pertinent hereto were acting in their capacity as an agent, ostensible agent and/or employee of the City of South Bend Police Department who, at the time of the events complained of herein, were acting within the course and scope of their employment by the City and under the color of the

Indiana State Law and or City law, and these Defendants engaged in wrongful conduct which allowed, caused and contributed to the injury of Plaintiff, ANTOINE T. WINTERS, on August 24, 2010 and the City of South Bend and the Defendant, Former Chief of Police Darryl Boykins, are liable for the wrongful conduct as alleged herein below in the individual and official capacities.

**Answer:** **The Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.**

14. That the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees. Plaintiff brings suit against each Defendant in both their official and individual capacities, jointly and severally.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint.**

15. That each and every act of Defendants named hereinabove acting under the color and pretense of the statutes, regulations, law customs and usage of the City of South Bend and by virtue and under the authority of said Defendants' employment with the City of South Bend.

**Answer:** **The Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.**

### III. JURISTICTION AND VENUE

16. This complaint asserts claims for relief for violation of rights guaranteed by the Constitution of the United States as provided under 42 U.S.C. § 1983 and 1988, and for violations of common law of the State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 16 of Plaintiff's Complaint.**

17. This Honorable Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1443, the court has pendant jurisdiction over the Plaintiff's State Law Claim pursuant to upon 28 US.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the Defendant parties are citizens/residents of St. Joseph County, Indiana and the events underlying this complaint occurred the City of South Bend, St. Joseph County, State of Indiana.

**Answer:** **The Defendants admit the allegations contained in paragraph 17 of Plaintiff's Complaint.**

## IV. FACTUAL BASIS FOR CLAIMS FOR RELIEF

18. The Defendant City, Defendant, Former Chief of Police Boykins, and Defendant, Interim Chief of Police Hurley are/were legally responsible for the management of the City's Police Department and the establishment and implementation of policies, procedures and protocols that govern the processing, handling and management of persons at liberty and/or pretrial detainees, and their responsibility includes making certain that such policies, procedures and protocols satisfy all federal and state standards.

**Answer:** **Defendants admit that "The Defendant City, Defendant, Former Chief of Police Boykins, and Defendant, Interim Chief of Police Hurley are/were legally responsible for the management of the City's Police Department,"**

**Defendants deny "and the establishment and implementation of policies, procedure and protocols that govern the processing, handling and management of persons at liberty and/or pretrial detainees."**

**Defendants admit "their responsibility includes making certain that such policies, procedures and protocols satisfy all federal and state standards."**

19.  That Plaintiff, ANTOINE T. WINTERS, is a black male who at the time of the events complained of was 24 years of age with a weight of one hundred and fifty (150) pounds, and a height of 5'7".

**Answer:      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint.**

20.  That in the early evening hours of August 24, 2010, Plaintiff, ANTOINE T. Winters, was walking in an alley within the City of South Bend to his girlfriend's house when he was approached by a City of South Bend Police Department cruiser, the officer exited, Defendant, Corporal Eric Rzeszkewski yelled to Plaintiff to lie down in the alley.  Plaintiff ran from Defendant, Corporal Eric Rzeszkewski as Plaintiff did not know of Defendant's intentions.

**Answer:      Defendants are without sufficient information to admit or deny "That in the early evening hours of August 24, 2010, Plaintiff, ANTOINE T. WINTERS was walking in an alley within the City of South Bend to his girlfriend's house".**

**Defendants deny "when he was approached by a City of South Bend Police Department cruiser, the officer exited, Defendant, Corporal Eric Rzeszkewski yelled to Plaintiff to lie down in the alley."**

**Defendants admit "Plaintiff ran from Defendant, Corporal Eric Rzeszkewski."**

**Defendants are without sufficient information to admit or deny "Plaintiff did not know of Defendant's intentions.**

21.  That Plaintiff ran from the above described scene crossing many yards he approached a yard by scaling a chain liked fence and found himself in the yard with a very large

dog, Plaintiff quickly exited said yard and was attempting to reenter an alley way and was doing so by scaling a chain linked fence which was immediately adjacent to a garage building which abutted the alley way.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint.**

22. That Plaintiff was able to hear what he believed to be a uniformed police officer to his rear. Plaintiff turned or rotated while on the top fence rail with one hand balancing on the roof of the garage.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint.**

23. That Plaintiff, ANTOINE T. WINTERS was balanced on the top rail fence and turned viewing the officer, he immediately saw a firearm pointed directly at his person. Plaintiff immediately raised his one free hand.

**Answer:** **Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.**

24. That the City of South Bend Police officer then holstered the firearm.

**Answer:** **Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.**

25. That within second of the firearm being holstered, the City of South Bend Police officer presented a taser the same at Plaintiff with one probe striking Plaintiff in the right eye.

**Answer:** **Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.**

26. That the City of South Bend Police officer then deployed the taser, upon this Plaintiff fell from the top of the chain linked fence which he was standing on and fell between the garage and the subject chain liked fence, the space of approximately 18-24 inches.

**Answer:** **Defendants deny ""That the City of South Bend Police officer then deployed the taser, upon this Plaintiff fell from the top of the chain linked fence which he was standing on and fell between the garage and the subject chain liked fence".**

**Defendants are without sufficient information to admit or deny "the space of approximately 18-24 inches."**

27. That Plaintiff temporarily lost consciousness, when he awoke he voluntarily placed his hands to his rear in plain sight slightly above his belt line, he was prone or face down on the ground with his hands positioned to his back. Several additional officer then appeared with the initial officer who had pulled the firearm and tasered Plaintiff. At that time ANTOINE T. WINTERS was handcuffed.

**Answer:** **Defendants are without sufficient information to admit or deny "Plaintiff temporarily lost consciousness".**

**Defendants deny the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.**

28. That Plaintiff while fact down on the ground with his hands positioned to his back handcuffed, he was tased multiple times and was also physically assaulted with either fists or shoes by means of kicking, as a result of being tasered multiple times he lost neurological control of his bladder and bowels. Plaintiff was screaming while being assaulted, "I'm just a minor", in hopes that this would end the assault.

**Answer:** **Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.**

29. That Plaintiff Winters was then grabbed and dragged in a counter clockwise fashion around the end of the garage, pulled to his feet and thrown against the garage wall.

**Answer:** **Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.**

30. That Plaintiff was asked how old he was and Plaintiff Winters gave his true age of 24.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint.**

31. That the City of South Bend Police officer then responded that he, Mr. Winters was lucky that they did not bring their, "throw away gun".

**Answer:** **Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.**

32. That Plaintiff Winters was then placed in the back seat of a patrol car where he screamed for approximately 5-10 minutes that he needed medical attention as he was bleeding from his right eye.

**Answer:** **Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.**

33. That Plaintiff Winters observed the officers that had assaulted him talking in a group.

**Answer:** **Defendants are without sufficient information to admit or deny "That Plaintiff Winters observed the officers...talking in a group".**

**Defendants deny "...had assaulted him".**

34. Eventually, Plaintiff Winters was transported to South Bend Memorial Hospital where he was presented to the trauma unit and underwent an initial evaluation and was subsequently transported by ambulance to a specialty eye care physician.

**Answer:** **Defendants admit that "Eventually, Plaintiff Winters was transported to South Bend Memorial Hospital".**

**Defendants are without sufficient information to admit or deny "where he was presented to the trauma unit and underwent an initial evaluation and was subsequently transported by ambulance to a specialty eye care physician."**

35. That Plaintiff Winters has undergone several surgeries to his right eye, he is permanently blind in his right eye, he has a prosthetic implant is subject to chronic headaches and pain in the frontal area to his head.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint.**

36. That in addition Plaintiff suffered in multiple taser burns resulting in scarring as well as multiple sights of soft tissue injury arising from the beating he received while he was handcuffed and in police custody.

**Answer:** **Defendants deny "arising from the beating" and are without sufficient information to admit or deny the remaining allegations contained in paragraph 36 of Plaintiff's Complaint.**

37. That no criminal charges were filed relating to the incidents described hereinabove of August 24, 2010.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 37 of Plaintiff's Complaint.**

38. That as all times hereinabove described Plaintiff was unarmed, and at no time did Plaintiff threaten in anyway any of the Defendants.

**Answer:** **Defendants are without sufficient information to admit or deny the allegations contained in paragraph 38 of Plaintiff's Complaint.**

39. That at no time during the events described hereinabove was Plaintiff a threat to the safety of himself or others and he had not committed any felony or misdemeanor.

**Answer:** **Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.**

40. That Defendants had no warrant for the arrest of Plaintiff, no probable cause for his arrest and no legal cause or excuse to seize the person/Plaintiff described above.

**Answer:** **Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.**

41. That in spite of the open and obvious injury to Plaintiff's right eye and his general beaten down condition, none of the Defendants provided any medical aid or rudimentary help to Plaintiff's obvious and serious medical condition and injury. The Defendants being deliberately indifferent to Plaintiff's serious medical condition as well as his severe pain and shock.

**Answer:** **Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.**

42. Prior to August 24, 2010, the Defendants, City of South Bend and the Chief(s) of Police developed and maintained policies or customs which exhibited deliberate indifference to the constitutional rights of persons in South Bend, Indiana, which caused the violation of Plaintiff's rights.

**Answer:** **Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.**

43. It was the policy and/or custom of the City of South Bend as created and/or maintained by Chief(s) of Police inadequately and improperly train its police officers. It was also the policy and/or custom of the Defendants to inadequately supervise and train its police officers, thereby failing to adequately discourage constitutional violations on the part of its police officers.

**Answer:** **Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.**

44. It was not the policy and/or custom of the city of South Bend and the Chief of Police have such officers as Defendants Violette, Wolff, Katowich. Pzeszkewski, and Ryan trained in the appropriate use of force, use of force continuum and/or other alternative measures for making contact with the public and this Plaintiff in particular.

**Answer:** **Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.**

45. As a result of the above-described policies and customs, police officers of the city of South Bend, including Defendants Violette, Wolff, Katowich. Pzeszkewski, and Ryan believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and accepted.

**Answer:** **Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.**

46. The above-described policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of South Bend and its police department under the direction and control of Defendant Chief of Police to the constitutional rights of persons within the City of South Bend were a proximate cause of the violations of Plaintiff's Constitutional rights as alleged herein.

**Answer:** **Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.**

47. As a direct and proximate result of the said acts of Defendants, Plaintiff Suffered the following injuries and damages:

a. Violation of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Loss of his physical liberty;

c. Physical pain and suffering and emotional trauma, fright, shock and suffering, and;

d. deliberate indifference to serious medical need(s).

**Answer:** **Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.**

48. The actions of the Defendant violated the following clearly established and well-settled federal constitutional rights of Plaintiff;

a. Freedom from the unreasonable seizure of his person;

b. Freedom from the use of excessive, unreasonable and unjustified force against his person; and

c. deliberate indifference to serious medical need(s).

**Answer:** Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

## COUNT I

### 42 U.S.C. 1983 AGAINST DEFENDANTS OFFICER VIOLETTE, SGT. JAMES WOLFF, CPL. JASON KATOWICH, CPL. ERIC RZESZKEWSKI, CPL. KENNETH RYAN

49. Plaintiff restates and re-alleges his allegations contained in Paragraphs 1 through 33, above, as though fully set forth herein.

**Answer:** Defendants restate their answers to Paragraphs 1 -48 of Plaintiff's Complaint.

50. That Defendants Violette, Wolff, Katowich. Pzeszkewski, and Ryan's multiple attacks on Plaintiff were wholly unreasonable and unjustified under the circumstances then existing and bore no reasonable relationship to any legitimate police interest and further, Defendants continued to escalate the attack until Plaintiff was rendered totally incapacitated.

**Answer:** Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. To the extent a need for forcible restraint of Plaintiff ever arose, it was unnecessarily and unjustifiable provoked by Defendants herein.

**Answer:** Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. That each Defendant demonstrated deliberate indifference to Plaintiff's medical needs that were obvious before, during and after the multiple assaults he received and, further, this deliberate indifference amounted to an effort to hide or secret their wrongful acts.

**Answer:** **Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.**

53. That Defendant, Sgt. James Wolff, as a senior officer/supervisor of Defendants Violette, Wolff, Katowich. Pzeszkewski, and Ryan, failed to restrain and/or control said Defendants' excessive use of force against Plaintiff, failed to provide medical care and failed to report said assault(s).

**Answer:** **Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.**

54. That Defendants violated Plaintiff's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**Answer:** **Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.**

## COUNT II

### 42 U.S.C. § 1983 AGAINST DEFENDANTS CHIEF(S) OF POLICE, SOUTH BEND POLICE DEPARTMENT AND THE CITY OF SOUTH BEND

55. Plaintiff restates and re-alleges his allegations contained in Paragraphs 1 through 54, above, as though fully set forth herein.

**Answer:** **Defendants restate their answers to Paragraphs 1 -54 of Plaintiff's Complaint.**

56. As policy makers for the City of South Bend and/or the City of South Bend Police Department, the Chief(s) of Police Boykins and Hurley and City of South Bend have authority to make, change or maintain final decisions affecting policies and customs without constraint. The Chief(s) of Police is being sued in his individual and official capacity.

**Answer:** Defendants admit "As policy makers for the City of South bend and/or the City of South Bend Police Department, the Chief(s) of Police Boykins and Hurley and City of South Bend have authority to make, change or maintain final decisions affecting policies and customs without constraint."

Defendants are without sufficient information to admit or deny "The Chief(s) of Police is being sued in his individual and official capacity."

57. That the policies and customs of the South Bend Police Department, as created and/or maintained by the chief(s) of Police Boykins and Hurley and Defendant City of South Bend exhibited deliberate indifference to the constitutional rights of persons in South Bend, Indiana and those policies and/or customs caused the violation of Plaintiff's rights.

**Answer:** Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. The policy and/or custom of the chief(s) of Police and/or the City of South Bend as created or maintained by the Chief(s) of Police Boykins and Hurley to inadequately supervise and train its police officers, including Defendants Violette, Wolff, Katowich. Pzeszkewski, and Ryan to be acting under the color of state law without the necessary training and experience when they encountered Plaintiff on August 24, 2010.

**Answer:** Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. When Defendants Violette, Wolff, Katowich. Pzeszkewski, and Ryan unlawfully and unjustifiably attacked and physically assaulted Plaintiff on August 24, 2010, said acts were not in violation of the policies and procedures of the City of South Bend Police Department as

maintained by the Chief of Police which were at that time completely inadequate, improper and unconstitutional.

**Answer:** **Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.**

60. The policies and customs of the City of South Bend and its police department as created and/or maintained by the Chief(s) of Police Boykins and Hurley demonstrate a deliberate indifference on the part of the policy makers of the City of South Bend Police Department, including but not limited to the Chief of Police and were the cause of violations of Plaintiff's rights.

**Answer:** **Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.**

61. The rules, edicts or acts of the Chief(s) of Police represented official policy or custom which when executed as described above inflicted injury upon Plaintiff thereby violating his civil rights.

**Answer:** **Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.**

62. The unconstitutional conducts of the Defendants City of South Bend and Chief(s) of Police as alleged herein, implemented and executed the following policies and customs of these Defendants:

> a. implicit authorization, approval and knowingly acquiescence in the wrongful conduct by said Defendants and/or their employees, agents or ostensible agents in the treatment of citizens;
>
> b. the use of unconstitutionally excessive force by police personnel;
>
> c. acceptance of the use of unconstitutionally excessive force by police personnel;

d. failure to discipline or terminate police personnel known to have engaged in the use of excessive force or other inappropriate practices and creating an atmosphere where police personnel believe they will not be disciplined for abusive conduct toward citizens;

e. failure to eliminate police policies, practices and customs which deviate from applicable federal and state standards for police operations;

f. failure to conduct adequate background checks of police personnel;

g. failure to adequately supervise police personnel;

h. failure to adequately train police personnel'

i. failure to investigate, report and follow-up on prior incidents involving the use of excessive force by police personnel;

j. creating and encouraging secrecy and a code of silence within the police department; and

k. insulating and protecting police personnel from civil and criminal liability for the wrongful acts in the treatment of citizens.

**Answer:** **Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.**

63. Plaintiff, ANTOINE T. WINTERS, claims damages for violation of his civil rights under 42 U.S.C. § 1983 and 1988 and any and all applicable state law.

**Answer:** **Defendants admit "Plaintiff ANTOINE T. WINTERS, claims damages for violation of his civil rights under 42 U.S.C. § 1983 and 1988".**

**Defendants are without sufficient information to admit or deny "..any and all applicable state law."**

## COUNT III

## INTENTIONAL, WILFUL AND WANTON MISCONDUCT, WRONGFUL DETENTION, EXCESSIVE USE OF FORCE AGAINST ALL DEFENDANTS

64.  Plaintiff restates and re-alleges his allegations contained in Paragraphs 1 through 63, above, as though fully set forth herein.

**Answer:** **Defendants restate their answers to Paragraphs 1 -63 of Plaintiff's Complaint.**

65.  That the wrongful conduct of all Defendants as alleged herein constitutes bad faith and wanton, willful and malicious conduct in that Defendants acted or failed to act when they knew or had reason to know that their conduct created unreasonable risk of serious bodily harm to Plaintiff, and that a high probability that substantial harm would result.

**Answer:** **Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.**

WHEREFORE, Defendants pray Plaintiff take nothing by way of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff brings any state tort claims, these Defendants are immune from liability to Plaintiff pursuant to I.C. § 34-13-3-1, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Subject to discovery, these Defendants did not proximately cause Plaintiff's damages and injuries, if any be found to exist.

## FOURTH AFFIRMATIVE DEFENSE

Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent with regard to her own safety and well-being, which carelessness and negligence proximately caused and/or contributed to the injuries and/or damages alleged.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages about which Plaintiff complains were the proximate result of the risk voluntarily incurred or assumed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable because they have qualified immunity based on the facts and the law.

## JURY DEMAND

Defendants request trial by jury on all issues so triable in this case.

Respectfully submitted,

s/Jeffrey L. Sanford
Jeffrey L.Sanford, Atty. No. 14111-71
Deputy City Attorney
227 W. Jefferson Blvd., Ste 1400
South Bend, Indiana  46601
(574) 235-9241

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF Filing System which sent notification of such filing to the following:   Sean W. Drew, Drew Law Office, P O Box 880, Niles, MI 49120-0880.


s/Jeffrey L. Sanford
Jeffrey L. Sanford